**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 22-4003**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AARON MICHAEL CRICK,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:20-cr-00091-FDW-DCK-1)

———————————

Submitted:  September 8, 2022                    Decided:  September 12, 2022

———————————

Before HARRIS and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:** J. Edward Yeager, Jr., Cornelius, North Carolina, for Appellant.  Dena J. King, United States Attorney, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aaron Michael Crick pled guilty, without a plea agreement, to two counts of transporting and shipping child pornography, in violation of 18 U.S.C. § 2252A(a)(1), (b)(1), and possessing an image of child pornography involving a prepubescent minor younger than 12 years old, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2). The district court sentenced Crick to 151 months' imprisonment, at the low end of the advisory Sentencing Guidelines range. On appeal, Crick argues that his sentence is substantively unreasonable. We affirm.

We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Blue*, 877 F.3d at 517. We have confirmed that Crick's sentence is procedurally reasonable. *See United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019).

In assessing substantive reasonableness, we consider "the totality of the circumstances." *Gall*, 552 U.S. at 51. A sentence must be "sufficient, but not greater than necessary," to satisfy the statutory purposes of sentencing. 18 U.S.C. § 3553(a). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

2

Crick argues that his sentence is substantively unreasonable because the child pornography enhancements have not kept pace with technology, the majority of child pornography offenders receive a below-Guidelines-range sentence, and he engaged in nonproduction offenses. However, the district court considered these arguments and determined that they justified a sentence at the low end of the Guidelines range rather than a downward variance. The court recognized its authority to impose a below-Guidelines-range sentence but declined to do so, having carefully balanced Crick's personal history and characteristics with the seriousness of the offenses and the need for deterrence. Our review convinces us that the district court carefully evaluated the § 3553(a) factors and gave due consideration to Crick's mitigating arguments when imposing a sentence at the low end of the Guidelines range. Thus, Crick's sentence is substantively reasonable, and Crick has failed to rebut the presumption of reasonableness accorded his sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*